**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JORDAN PROPERTIES, LTD.**                                                **PLAINTIFF**

**V.**                                   **CAUSE NUMBER: 4:25-cv-00062-JDM-JMV**

**CITY OF CLEVELAND, MISSISSIPPI**                           **DEFENDANT**

**ORDER AND MEMORANDUM OPINION**

Before the Court is Defendant City of Cleveland, Mississippi's Motion for Summary Judgment. [40] Plaintiff Jordan Properties, Ltd., sued the City after the City declared one of its houses a nuisance and demolished it. Jordan Properties alleged the City violated its Fourteenth Amendment due process rights by failing to provide constitutionally sufficient notice of its intent to demolish the house. And it alleged the City can be held liable for a due process violation under 42 U.S.C. § 1983.

The City argues there are no genuine issues of material fact regarding the notice it sent to Jordan Properties. It contends it sent adequate notice of the City Board meeting where it found the property a nuisance. And the City argues that the notice was constitutionally sufficient because Jordan Properties knew about the Board's meeting. Therefore, the City believes it is entitled to summary judgment on Jordan Properties' due process claim.

Jordan Properties counters with two fact issues it says are disputed and material to its due process claim. First, Jordan Properties argues the condition of the property—whether it was dilapidated or merely under renovation—is a material fact. Second, it asserts that a "notice of re-entry" letter from the City creates a fact issue concerning the notice required by Mississippi law.

But letting a jury decide if Jordan Properties had allowed the property to fall into disrepair

or had instead begun renovating it has no bearing on whether the City provided constitutionally sufficient notice. In short, Jordan Properties has not put forth sufficient evidence to create a jury issue on the notice required by Mississippi law. And even if it had, that issue is immaterial. That's because only federal law governs Jordan Properties' federal, procedural due process claim.

Because no material fact issue exists on Jordan Properties' single, due process claim, the City is entitled to judgment as a matter of law. The City's motion for summary judgment is **GRANTED**.

### Facts and Procedural History

Jordan Properties owned a house at 215 N. Third Avenue in Cleveland, Mississippi. While making her rounds through Cleveland, Code Enforcement Officer Danita McClure noticed the property's rough condition. So she put it on her public nuisance report as a dilapidated structure. McClure explained at her deposition that when the Board receives one of her reports, it approves sending notice of a hearing to the owners of alleged nuisance properties. And here, she sent her report to Cleveland's Board of Aldermen a week before the Board's next meeting.

After the Board approved McClure's public nuisance report, it sent a notice letter to Jordan Properties dated April 8, 2020. This letter alerted Jordan Properties to a May 5, 2020 hearing, during which the Board would determine if the property was a nuisance. Citing Mississippi Code § 21-19-11, the letter explained that if the Board finds the property a nuisance, "the city may enter the property and clean the property by removing any dilapidated buildings, rubbish, cutting weeds and grass, removing fences, outside toilets, and personal property." Jordan Properties does not dispute it received this April 8 notice.

On May 4, 2020—one day before the scheduled Board hearing—McClure texted Tracy Swafford, Jordan Properties' property manager. McClure told Swafford "we have [the property]

2

as [a] dilapidated structure. . . . Does [Jordan Properties] plan on renting it etc.?  The best thing to do is to request a 30 Day extension for [the property].  An extension will allow the owner more time before the city steps in."  When Swafford asked how to get an extension, McClure said "[i]t's something I do.  I will send to the board stating owner is requesting an extension on my report *and it's up to the board to grant it*."  Later that same day, Johnny Jordan, president of Jordan Properties, texted McClure "[p]lease get extension for 215 N Third[.]  Just fixed flooring [] and took out stairs that weren't up to code and rebuilt[.]"  McClure then sent Jordan's extension request to her supervisor.

The next day at the Board's May 5 hearing, neither Jordan nor a Jordan Properties representative attended.  And at the hearing, the Board adjudicated the property "a menace to the public health and safety of this community" based on the evidence presented.[1]  Regarding the menace property, the Board directed the City to "proceed to have the land cleaned by cutting weeds, removing rubbish, dilapidated fences, dilapidated buildings, and other debris[.]"

For two months after the hearing, apparently nothing happened with the property.  Then, on July 9, McClure texted Jordan about some different properties the Board adjudicated on July 7.  McClure also updated Jordan on his 215 N. Third property.  "Also, 215 N. Third Avenue grass is tall and needs to be cut."  The next day, July 10, 2020, the City sent Jordan Properties a "Notice of Re-Entry" for the 215 N. Third property.  It says "[t]his property has been adjudicated by the [Board] as a public nuisance . . . .  Adjudication at the previous hearing that the parcel was in need of cleaning authorized the City to use its employees to enter the property to perform any necessary cleaning including . . . removing any dilapidated buildings . . . .  An adjudication . . . also authorized

---

[1] McClure—though not at the May 5 hearing—testified that the usual evidence is progress pictures of the property.

3

the municipality to re-enter the property . . . for a period of one (1) year after the hearing . . . as long as notice is posted . . . at least 7 days before the property or parcel is re-entered for cleaning." The July 10 letter continues, "[T]his is your notice that the City intends to re-enter the subject property on July 17, 2020[.]"

Though the letter was labeled "Notice of Re-Entry," McClure testified the City never entered the property between the Board's May 5 menace adjudication and July 10, when it sent the letter. McClure testified the July 10 letter was "a courtesy because Mr. Jordan asked for a 30-day extension and it was—had been two months. So we did a re-entry as a courtesy." As to the July 17 re-entry date in the letter, McClure testified she calculated that date as one week from the July 10 letter. "When we do a re-entry, it's only good for one week." She also testified the City did not enter the property on July 17, 2020. Importantly, Jordan Properties concedes it "does not know what the City did at the property on July 17, 2020."

From July 17, 2020, until February 5, 2021, the property sat in disrepair. During that time, at the end of 2020, Billy Trotter became the City's Assistant Director of Community Development. And when he became assistant director, he conferred with McClure about closing out open cases— including the 215 N. Third property. In an effort to close the case, Trotter and McClure visited the property a few days before February 5, 2021. The two took photos of the property.[2] Trotter testified the house floor was weak, supported by rotten or termite-damaged sills where the house sat on blocks. And though he noticed some building materials, he testified Jordan Properties had not requested building permits for renovations. Nor had they sought permits for new construction. After the property visit, Trotter told McClure "to begin [her] . . . process to go ahead on and demo this structure."

---

[2] The City attached pre-demolition property photographs to its motion for summary judgment.

4

So McClure began the demolition process. She testified that after the Board had adjudicated the property a menace, she had no discretion to decide to do anything other than demolish the structure. According to McClure, her initial report to the Board—before the original April 8, 2020 notice—described the property as a dilapidated structure. And McClure said generally, a dilapidated structure means the property needs to be demolished or repaired. So on February 5, 2021, the City entered the property and demolished the structure. McClure and Trotter both testified that the February 5 demolition entry was the first time the City entered the property to clean it.

On May 18, 2021—three months after the demolition, and a year after the Board adjudicated the property a nuisance—the Board met again. And the meeting's Board's minutes reflect it approved cost assessments for cleaning public nuisances. One of the cost assessments it approved was for Jordan Properties' structure at 215 N. Third. The minutes also list the "date cleaned" as February 5, 2021.

Upset over the demolition, Jordan Properties sued the City in the Circuit Court of Bolivar County, Mississippi. Importantly, the case before this Court is the second action between these parties on the same facts. In the first one, the City removed the case to this Court. And this Court granted the City's motion for judgment on the pleadings as to Jordan Properties' federal claims. *Jordan Props., Ltd. v. City of Cleveland, Miss.*, No. 4:22-cv-193-DMB-DAS, 2023 WL 2537277 (N.D. Miss. Mar. 16, 2023). The Court found Jordan Properties failed to state a claim against the City for an alleged due process violation. *Id.* And it dismissed Jordan Properties' claims with prejudice. On appeal, the Fifth Circuit affirmed the Court's dismissal of Jordan Properties' claims. *Jordan Props., Ltd. v. City of Cleveland, Miss.*, No. 23-60625, 2024 WL 3771453 (5th Cir. Aug. 13, 2024). But it reversed in part with instructions to dismiss Jordan Properties' claims without

5

prejudice. *Id.*

After this Court dismissed Jordan Properties' federal claim without prejudice, Jordan Properties again brought that claim in Bolivar County. And again the City removed the case to this Court under federal question jurisdiction. [1] After discovery, the Court allowed Jordan Properties to amend its complaint. [22] In its amended complaint, Jordan Properties alleged the City violated its Fourteenth Amendment due process rights by not providing sufficient notice of the Board's May 5, 2020 hearing and the February 5, 2021 demolition. [23] It also claimed the City is liable for demolishing the house under 42 U.S.C. § 1983.

The City then moved for summary judgment. It argues no genuine issue of material fact exists regarding its notice of the Board hearing. The City asserts its April 8, 2020 letter gave Jordan Properties constitutionally adequate notice of an opportunity to be heard at the Board's May 5, 2020 hearing. It contends no further notice was required. And the May 5 menace adjudication gave the City the right to enter the property and demolish the dilapidated structure nine months later. Jordan Properties disagrees. It insists there are two genuinely disputed facts that are material to its due process claim. And these factual disputes preclude summary judgment.

### Summary Judgment Standard

"Summary judgment is warranted when the evidence shows no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law." *Ghanem v. Morrow*, No. 1:24-cv-182-SA-RP, 2025 WL 3470052, at *2 (N.D. Miss. Dec. 3, 2025) (citing FED. R. CIV. P. 56(a)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Nabors v. Malone*, No. 1:17-cv-164-DAS, 2019 WL 2617240, at *1 (N.D. Miss.

6

June 26, 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

"The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *Celotex*, 477 U.S. at 323). "The nonmoving party must then 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324). But "[c]onclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial." *Ghanem*, 2025 WL 3470052, at *2 (quoting *Nabors*, 2019 WL 2617240, at *1).

### Discussion

Jordan Properties has a single claim before the Court. It asserts the City violated its federal due process rights by not providing adequate notice of the May 5, 2020 Board hearing and the subsequent February 5, 2021 demolition. The City argues there are no genuine issues of material fact surrounding the notices it provided Jordan Properties. And as a matter of law, it is entitled to summary judgment on the due process claim. Jordan Properties disagrees. In response, it asserts two issues it suggests are material to its due process claim. First, it argues "there is a genuine issue of material fact as to the actual condition of the house." Second, it argues a jury could find the City had entered the property before July 10, 2020 based on the "Notice of Re-Entry."

But there are no disputed facts about the notice the City provided. And that notice satisfied the Fourteenth Amendment's due process requirements. Neither of the disputed facts that Jordan Properties pitches directly relate to its single due process claim. Specifically, the alleged due process violation does not turn on determining the property's condition or whether the City entered

7

the property before July 2020.  Therefore, the City is entitled to judgment as a matter of law.

### I.      The Due Process Claim

The City met the Fourteenth Amendment's due process requirements by giving Jordan Properties notice of the Board's hearing.  And it gave Jordan Properties both notice and an opportunity to be heard at that hearing.  Jordan Properties focuses on the City's failure to provide demolition notice immediately before it demolished the property on February 5, 2021.  But the lack of *additional* notice before the demolition does not change the fact that the City previously provided Jordan Properties notice and an opportunity to be heard in May 2020.

"The Fourteenth Amendment's right to procedural due process guarantees citizens the protection of adequate procedures before allowing a state to deprive them of their property, liberty, or life." *Jordan v. Fisher*, 823 F.3d 805, 810 (5th Cir. 2016).  "[T]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Lee v. City of Pascagoula, Jackson Cnty., Miss.*, No. 1:23cv63-LG-RPM, 2023 WL 8654932, at *4 (quoting *Cuellar v. Tex. Emp. Comm'n*, 825 F.2d 930, 934 (5th Cir. 1987)).  Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Dusenbery v. U.S.*, 534 U.S. 161, 168, 122 S. Ct. 694, 151 L. Ed. 2d 597 (2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)).  "[T]he failure of notice in a specific case does not establish the inadequacy of the attempted notice; in that sense, the constitutionality of a particular procedure for notice is assessed *ex ante*, rather than *post hoc*." *Jones v. Flowers*, 547 U.S. 220, 231, 126 S. Ct. 1708, 164 L. Ed. 2d 415 (2006).

In *A & T Express, LLC v. Town of Prentiss*, the court evaluated the sufficiency of Prentiss's notice to A & T Express before demolishing its building.  No. 2:23-cv-85-HSO-BWR, 2025 WL

3726773 (S.D. Miss. Nov. 12, 2025). In that case, the town sent notice of the condemnation hearing to the right address but the wrong addressee. *Id.* at *1. And the postal service never delivered the pre-hearing notice. *Id.* at *2. After the public hearing, the town placed written notice on the property stating the property was condemned. *Id.* Though the town "was late in posting notice on the Property under § 21-19-11(1), it did post notice after the public hearing and for roughly five months before the building was demolished." *Id.* at *5. Considering the adequacy of the town's notice, the court determined "the steps taken to notify Plaintiff *ex ante* were reasonably calculated to apprise it of the proceedings against it, precluding a federal procedural due process claim." *Id.*

Here, the City sent—and Jordan Properties received—notice of the May 5, 2020 Board hearing. That notice alerted Jordan Properties that if the Board adjudicated the property a nuisance, "the city may enter the property and clean [it] by removing any dilapidated buildings[.]" Clearly, this notice gave Jordan Properties an opportunity to be heard at the Board's May 5 hearing. And two months after the Board's hearing, the City sent its July 10 "Notice of Re-Entry" that told Jordan Properties its property had "been adjudicated . . . a public nuisance." Jordan Properties does not dispute it received this letter either. For at least six months—July 2020 to February 2021—Jordan Properties knew its structure was adjudicated a nuisance and subject to demolition. Like in *A & T Express*, the City's actions were reasonably calculated to apprise Jordan Properties of the proceedings against it. Though Jordan requested an extension from McClure the day before the hearing, he did not follow up with her. Nor did he confirm that the Board granted an extension. That Jordan Properties subsequently failed to take advantage of the May 5 hearing does not mean

9

that the City did not provide the opportunity to be heard.[3]

Because the City undisputedly provided notice of the hearing and an opportunity to be heard, before adjudicating the property a nuisance, it satisfied the Fourteenth Amendment's due process requirements.

## II.     *Monell* Liability

In addition to alleging a due process violation, Jordan Properties seeks to hold the City liable for violating 42 U.S.C. § 1983.  In support, it cites *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  But without an underlying due process violation, there is no municipal liability.

*Monell* held municipalities "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  436 U.S. at 690.  But "[i]t is well settled that 'without a predicate constitutional violation, there can be no *Monell* liability.'"  *Pipkins v. Stewart*, 105 F.4th 358, 360 (5th Cir. 2024) (quoting *Loftin v. City of Prentiss*, 33 F.4th 774, 783 (5th Cir. 2022)).

As discussed, the City did not violate Jordan Properties' constitutional due process rights. So there is no *Monell* liability.  And the City is entitled to summary judgment on all of Jordan Properties' claims.

## III.     Alleged Fact Disputes

Though the City did not violate the Fourteenth Amendment's due process protections,

---

[3] *See Gallagher v. Bd. of Edu. Of E. Hampton Union Free Sch. Dist.*, No. 16-CV-473 (SJF) (SIL), 2017 WL 8813134, at *5 (E.D. N.Y Dec. 21, 2017) ("[I]f reasonable notice and opportunity for a hearing are given, due process will be satisfied, regardless of . . . whether the owner takes advantage of the opportunity for a hearing.") (quoting *Brody v. Vill. of Port Chester*, 434 F.3d 121, 131 (2d Cir. 2005)).

Jordan Properties points to two alleged fact disputes. It argues jury resolution of these facts would show a due process violation. But the suggested factual disputes are immaterial to its due process claim. Thus, Jordan Properties cannot rely on them to defeat summary judgment.

### A. The House's Condition

Jordan Properties first asserts a genuine issue of material fact exists about the house's condition. But to survive summary judgment, a mere dispute over whether the property was dilapidated or under renovation is not enough. Instead, the dispute must involve facts that are material to Jordan Properties' due process claim.

"A disputed fact is material if it 'might affect the outcome of the suit under the governing law.'" *Allen v. U.S. Postal Serv.*, 63 F.4th 292, 300 (5th Cir. 2023) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). And the law governing procedural due process claims sets forth two elements: "(i) deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate state process." *Reed v. Goertz*, 598 U.S. 230, 236, 143 S. Ct. 955, 215 L. Ed. 2d 218 (2023).

Jordan Properties tied its due process claim to the City's alleged lack of notice before the Board adjudicated the property a menace and demolished it. And that due process claim *does not* turn on whether the property was under renovation or just dilapidated. Even if a jury found the property was being renovated, that fact would have zero effect on the sufficiency of the City's notice to Jordan Properties. So the question of the property's exact condition is immaterial to Jordan Properties' due process claim. And Jordan Properties cannot rely on an immaterial fact to defeat the City's summary judgment motion.

### B. The "Notice of Re-Entry"

Jordan Properties next asserts a fact issue about how many times the City entered the

property. It argues the City's July 10, 2020 "Notice of Re-Entry" proves a violation of Mississippi Code § 21-19-11 and of its due process rights.

Mississippi Code § 21-19-11 requires municipalities give adequate notice to property owners when a property is alleged to be a nuisance. Notice must be given before a hearing where a municipality may adjudicate the property a nuisance. And if the municipality determines the property is a nuisance, § 21-19-11 allows the municipality to clean the land, including by removing dilapidated buildings. For subsequent entries and cleanings, the statute requires additional notice to the property owner.

Jordan Properties argues the City violated this statute based on the "Notice of Re-Entry." As Jordan Properties sees it, the City would not have sent a notice of *re-entry* unless the City had already entered the property at least once before. Jordan Properties asserts that if the City entered the property before July 2020, then the demolition on February 5, 2021 was a subsequent entry. And that means the City violated § 21-19-11 when it did not provide additional notice of the "subsequent entry" on February 5, 2021. It contends a jury should decide whether the City entered the property before the "Notice of Re-Entry." And if a jury did find the City had previously entered the property, Jordan Properties believes it can show a violation of § 21-19-11. But this argument also turns on the materiality of the factual dispute to Jordan Properties' due process claim. And technical violations of state statutes do not amount to due process violations.

"State law is not a source of liberty interests that are substantively protected by the Fourteenth Amendment; rather, it gives rise to interests that are promised procedural protections by the Fourteenth Amendment." *Jordan v. Fisher*, 823 F.3d 805, 812 (5th Cir. 2016) (citing *Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011)). "'[F]ederal law . . . determines what procedural protections the Fourteenth Amendment requires.'" *Lee*, 2023

12

WL 8654932, at *5 (S.D. Miss. Dec. 14, 2023) (quoting *Smith as Tr. Of Smith Fam. Living Tr. V. City of Bastrop*, No. 21-51039, 2023 WL 2890162, at *6 (5th Cir. Apr. 11, 2023)). "Although a state or local entity may have failed to comply with statutory notice requirements, 'this state law violation does not also amount to a violation of federal due process.'" *Id.* (discussing an alleged violation of Miss. Code Ann. § 21-19-11) (quoting *Dearman v. Stone Cty. Sch. Dist.*, 832 F.3d 577, 584 (5th Cir. 2016)).

What Jordan Properties has alleged is a violation of its federal due process rights. And determining whether the City entered the property before sending the "Notice of Re-Entry" would only show a violation of § 21-19-11—Mississippi's statutory notice law. It would not show the City violated Jordan Properties' federal due process rights. That's because only federal law governs the Fourteenth Amendment's procedural protections. Therefore, whether the City violated § 21-19-11 is immaterial to Jordan Properties' federal due process claim. And without a material fact issue about the due process claim, Jordan Properties cannot defeat the City's summary judgment motion.

### Conclusion

For these reasons, the City's Motion for Summary Judgment [40] is **GRANTED**. Judgment will be entered in favor of the City of Cleveland. And seeing no other claims or defendants remaining, the case shall be **DISMISSED WITH PREJUDICE**.

This **CASE** is **CLOSED**. A separate judgment will issue this day.

**SO ORDERED**, this the 29th day of April, 2026.

 /s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

13